**Jose Guadalupe ROMO–ANAYA, a.k.a. Jose Romo; a.k.a. Jose Anaya; a.k.a. Jose Guadalupe Romo, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–71455.

United States Court of Appeals, Ninth Circuit.

Argued Sept. 26, 2007.

Resubmitted June 24, 2009.

Filed June 24, 2009.

Scott Allen Marks, Law Offices of Scott A. Marks, Seattle, WA, Matthew Boyd Weber, Matthew Weber, Attorney, Miami, FL, for Petitioner.

AZP–District Director, Office of the District Director U.S. Department of Home-

land Security, Phoenix, AZ, Wendy Benner–Leon, Esquire, OIL, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, D.C., Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GIBSON,* BERZON, and BEA, Circuit Judges.

MEMORANDUM **

Romo–Anaya petitions for review of the Board of Immigration Appeals' decision affirming the Immigration Judge's removal order. Pursuant to 8 U.S.C. § 1227(a)(2)(B)(i), the Immigration Judge removed Romo–Anaya based on his conviction for violation of California Health & Safety Code § 11379(a), following his guilty plea to such a charge.

We apply the modified categorical approach to California Health & Safety Code § 11379(a) because it criminalizes conduct related to substances that are not controlled by the federal Controlled Substances Act, 21 U.S.C. § 802. *See Ruiz–Vidal v. Gonzales,* 473 F.3d 1072, 1078 (9th Cir.2007).

Under the modified categorical approach, we cannot confirm Romo–Anaya pleaded guilty to a crime related to methamphetamine. The administrative record contains an abstract of judgment and a felony complaint. The abstract of judgment does not specify the substance for which Romo–Anaya was convicted. Nor does the abstract of judgment include the phrase "as charged in the felony complaint," or a substantially similar phrase. Therefore, we cannot rely on the felony complaint to determine whether Romo–Anaya's crime related to a federally controlled substance. *See United States v. Vidal,* 504 F.3d 1072 (9th Cir.2007). Thus, the government has not satisfied its burden of proving by clear and convincing evidence that Romo–Anaya was convicted of a crime relating to a federally controlled substance. We conclude that the government has failed to prove that Romo–Anaya is a removable alien.

**PETITION FOR REVIEW GRANTED.**

---

* The Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

